

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEVERLY SCHULTZ,

    Plaintiff,

    v.

SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT,

    Defendant.
_____/

No. C 03-04417 MHP

**MEMORANDUM AND ORDER**

    Defendant San Francisco Bay Area Rapid Transit District moves for attorneys fees pursuant to 42 U.S.C. section 12205 and/or Federal Rule of Civil Procedure 56(g). Having considered the parties' submission and arguments, and for the reasons set forth below, the court enters the following memorandum and order.

BACKGROUND

    Plaintiff Beverly Schultz brought this action against defendants Does 1 through 50 and Roes 1 through 50 of the San Francisco Bay Area Rapid Transit District (collectively "BARTD"), alleging that the acceleration of a BARTD train caused her to fall and injure herself. After a series of court orders to pare down her complaint to omit improper causes of action, plaintiff timely filed a revised second amended complaint that included *inter alia* claims arising under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12131 et seq. On February 11, 2005 the court entered a memorandum and order denying defendant's motion to strike plaintiff's second amended complaint. On February 28, 2005, plaintiff without leave of court or noticed motion attempted to file a third amended complaint which did not contain any claims under the ADA. The clerk of the court, however, rejected the complaint and it was entered but not filed. On March 25, 2005, plaintiff's

1  attorney filed a notice of withdrawal of the third amended complaint  On March 28, 2005 defendants
2  filed a motion for summary judgment and a hearing was set for May 2, 2005.  On April 28, 2005
3  plaintiff's attorney filed an attorney affidavit of James Fishel in response to the motion for summary
4  judgment, seventeen days after the due date. On  June 29, 2005 the court granted defendant's motion,
5  dismissing the case in its entirety.

6      Now before the court is defendant's motion for attorneys' fees pursuant to 42 U.S.C. section
7  12205 and/or Federal Rule of Civil Procedure 56(g) for work performed in response to the attorney
8  affidavit of James Fishel.   Defendant initially requested attorneys' fees of between $11,402.83 and
9  $17,104.25 under section 12205, which represented one sixth and one fourth of the total fees
10 incurred, respectively.  In addition, and in the alternative, defendant requested $3,599.00 pursuant to
11 Rule 56(g) for work done in response to the attorney affidavit of James Fishel.  In their reply brief,
12 however, defendants have limited their claim to attorneys' fees of $2,565 and court costs of
13 $6,202.12.

14

15 DISCUSSION

16 I     Award of Attorneys' Fees under the ADA
17     A     42 U.S.C. section 12205
18     Under section 12205, a court may impose a "reasonable attorneys' fee, including litigation
19 expenses" against the non-prevailing party in any action or administrative proceeding under the
20 ADA. 42 U.S.C. § 12205.
21     Defendant contends that the ADA claims pursued by the plaintiff in the second amended
22 complaint are unreasonable and frivolous and that defendant should be awarded attorneys' fees
23 pursuant to 42 U.S.C. section 12205 for the time spent litigating those claims.  In response, plaintiff
24 claims that but-for the actions of defendants and this court, she would have been able to properly file
25 the third amended complaint and in so doing remove the problematic ADA claims.  See Fishel Dec.
26 at 4:10-16.  Furthermore, plaintiff claims that the ADA fees requested by defendants are
27 unreasonable and would be a source of financial hardship for the plaintiff.
28

(i) Reasonableness of Defendant's Attorneys' Fees Request

The ADA claims pursued by plaintiff's counsel were unreasonable and frivolous and as the prevailing party in a proceeding under the ADA, defendant is entitled to an award of reasonable attorneys fees pursuant to section 12205.  In the second amended complaint, plaintiff's counsel asserted ADA claims but failed, as the court noted in its order granting the motion for summary judgment, to provide any evidentiary basis for these claims.  The record contained no indication of substantial impairments nor did it outline any limitations on the plaintiff's activities.

Defendant has submitted documentation detailing the hours spent and fees charged for this action since August of 2003 and has estimated in their motion for attorney's fees that a minimum of one-fourth of the total fees charged involved the ADA claims ($11,402.83). See Meyer Dec. ¶ 11. This initial request, as plaintiff's attorney contends, was unreasonable because while the ADA claims were only introduced in the second amended complaint in October of 2004, the defendant seeks a portion of its legal costs for a twenty-month period beginning in August of 2003.  Defendant's amended request for $2,595 in attorneys' fees for work done on the ADA claims, however, is reasonable, reflecting one-fourth of the time spent on this action for the three months following the filing of the second amended complaint.

Defendant has also submitted a bill of costs demonstrating $6,202.12 in court costs, including the professional fees of John R. Lang who conducted a medical exam of the plaintiff pursuant to her ADA claims.  These costs are reasonable and documented and plaintiff's attorney has not submitted any evidence to refute them.  Defendant is therefore entitled to attorneys fees of $2,595 for the time spent on the ADA claims and $6,202.12 for the costs incurred during the course of this action.

(ii) Improper Filing of Third Amended

Additionally, neither the court nor the defendant bears responsibility for plaintiff attorney's's inability to file the third amended complaint, removing the ADA claims.  It is incumbent upon the plaintiff attorney's to ensure that prior to the filing of any papers with the court, counsel is apprised of whether there are any orders that have been entered.   Plaintiff's attorney attempted to file the third amended complaint on February 18, 2005 after the court had issued an order on February 11, 2005.  His failure to appropriately amend the complaint, which should have be done in his second amended

3

1 complaint, resulted in the opposing counsel spending a significant amount of hours preparing
2 responses to these claims. See Meyer Dec. ¶10. The pattern of plaintiff's attorney reflected in the
3 filings in this action is one of failure to respond, dilatory filings or improper responses. For example,
4 defendant first filed a motion for partial summary judgment on February 23, 2004. Plaintiff never
5 responded or opposed the motion and, therefore, it was granted as unopposed. Plaintiff's attorney
6 has repeatedly flouted the court's orders and failed to head instructions. He reasserted claims already
7 stricken and instead of paring down the complaint as ordered, he filed it with even more inapplicable
8 claims and irrelevancies.

     (iii)    Financial Hardship of the Plaintiff

11    Plaintiff is correct in asserting that the district court has authority to consider the financial
12 status of the non-moving party with respect to the awarding of attorneys' fees. See Lee v. ABB
13 Daimler-Benz Transportation, 17 Fed. Appx. 668 (9th Cir. 2001) (affirming district court's reduction
14 of fee award based on non-moving party's demonstrated financial hardship). However, plaintiff has
15 not submitted any documentation demonstrating financial hardship or an inability to pay a sanction.
16 See, e.g., Ory v. McDonald, 2005 WL 1793205 (9th Cir. 2005) (affirming district court's imposition
17 of attorneys fees since the non-moving party did not provide any evidence to demonstrate financial
18 hardship). See also Businessmen's Assurance Corp. v. Townsend, 63 Fed. Appx. 992 (9th Cir. 2003)
19 (finding that the non-moving party bore the burden to produce prima facie evidence of financial
20 hardship). Moreover, as discussed *infra* plaintiff's counsel and not plaintiff, will be required to pay
21 the attorneys' fees and costs.

23 II    Award of Attorneys' Fees Under Federal Rules of Civil Procedure 11 and 56(g)
24    Defendant is entitled to an award of reasonable attorneys fees pursuant to Federal Rules of
25 Civil Procedure 11 and 56(g). Under Rule 56(g), if an affidavit is determined to have been made in
26 bad faith, the court shall order the offending party to pay for the "reasonable expenses which the filing
27 of the affidavits caused the other party to incur." See Fed. R. Civ. Pro. 56(g). Pursuant to Rule 11, a
28 court may sanction an attorney or party who makes improper representations to the court, such as

4

1   through the filing of papers for an "improper purpose" or which contain "allegations and other factual
2   contentions . . . [that have no] evidentiary support." See Fed. R. Civ. Pro. 11(b)(2)-(3).  A court may
3   *sua sponte* impose sanctions under Rule 11.  See Chambers v. NASCO, 501 U.S. 32, 43 n.8 (1991)
4            On April 28, 2005, on the eve of the hearing and in opposition to the motion for summary
5   judgment, plaintiff attorney's filed "objections to evidence" which was in the form of an attorney
6   affidavit.  The affidavit was filed seventeen days after the due date for plaintiff's opposition, and was
7   deemed by this court to be incoherent as a brief and inadmissible as an affidavit and thereby stricken
8   from the record.   The affidavit was devoid of any legal arguments but rather contained unsupported
9   factual assertions and requests for discovery.   Plaintiff counsel's contention that defendant was
10  given significantly more time to work on their motions is immaterial as counsel was on notice that
11  her reply was to be submitted on a certain due date.  Further, counsel's claim that the affidavit
12  lacking evidentiary support was filed with a belief that the court would direct her to conduct further
13  supplemental discovery pursuant to Federal Rule of Civil Procedure 56(f) is unpersuasive. Plaintiff's
14  counsel did not submit an opposition with a supporting affidavit, but merely filed an affidavit which
15  as the court found in its order granting the motion for summary judgment, "frame[d] legal arguments
16  and factual attestations as personal knowledge subject to attorney testimony." Memorandum &
17  Order, No. C 03-04417 MHP, slip op. at 4 (Jun. 29, 2005)  Plaintiff's attorney, in his untimely filing
18  of this document which was wholly lacking any evidentiary support, demonstrated bad faith and may
19  be properly sanctioned by this court for the amount that defendant's incurred as a result.  Defendant's
20  have submitted documentation evidencing that as a result of plaintiff attorney's bad faith affidavit,
21  they incurred an additional $3,559 in legal fees.

23  III     Attorney Sanctions Pursuant to 28 U.S.C. section 1927
24           Additionally, section 1927 provides authority for the imposition of sanctions against
25  attorneys.  It states in relevant part that "any attorney . . . who so multiplies the proceedings . . .
26  unreasonably and vexatiously may be required . . . [to pay the] excess costs, expenses, and attorneys'
27  fees reasonably incurred because of such conduct." See 28 U.S.C. § 1927.  In order to impose
28  sanctions under section 1927, there must be a showing of *subjective* bad faith on the part of the

1  attorney.  See Salstrom, et al., v. Citicorp Credit Services, Inc., 74 F.3d 183 (9th Cir. 1995) (quoting
2  MGIC Indem. Corp. v. Moore, 952 F.2d 1120, 1122 (9th Cir. 1991)).  Knowing or reckless behavior
3  is sufficient to establish a finding of bad faith.  New Alaska Dev. Corp. v. Guetschow, 869 F.2d
4  1298, 1306 (9th Cir. 1989).

5        The court has had to instruct plaintiff's attorney on numerous occasions to amend the
6  complaint and explained to him how to amend it, advising what claims were meritless or
7  inapplicable and what claims would not withstand scrutiny.  The court has repeatedly admonished
8  plaintiff's attorney with respect to the inadequacy of the papers filed and the inarticulate
9  characterization of the claims asserted, noting that the action was unlikely to survive dispositive
10 motions.  Plaintiff's counsel, however, has continued to pursue these claims, at times violating the
11 court's orders with respect to claims that have already been dismissed, including in this instance a re-
12 argument of the dismissed ADA claims in her response to defendant's motion for attorneys' fees.
13 Counsel in this case, through his late filings and the legal inadequacy of the court papers submitted,
14 and through the filing of the purported "objections of evidence" has demonstrated the requisite bad
15 faith and has unreasonably and vexatiously multiplied the proceedings before this court.  Counsel
16 may be properly sanctioned pursuant to section 1927.

17       Accordingly, for the reasons stated above, the court GRANTS defendant's motion for
18 attorneys' fees under 42 U.S.C. section 12205, 42 U.S.C. section 1927 and Federal Rules of Civil
19 Procedure 11 and 56.  Plaintiff's counsel is hereby ORDERED to pay defendant's attorneys' fees in
20 the amount of $6,154 and court costs in the amount of $6,202.12 for a total of $12,356.12, payment
21 to be made to counsel for defendant within sixty (60) days of the date of this order.  The amount
22 ordered shall be borne solely by plaintiff's counsel who is responsible for the circumstances giving
23 rise to these fees and costs and shall not be passed on to his client.

24       IT IS SO ORDERED.
25 Date:  August 26, 2005

                    MARILYN HALL PATEL
                    United States District Judge